**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In Re: LEONARD SUSTAITA, JR.,
Debtor.

RICHARD S. BERRY,

          Appellant,

  v.

UNITED STATES TRUSTEE,
PHOENIX; EDWARD J. MANEY,
Trustee; RUSSELL A. BROWN, Trustee,

          Appellees.

No. 10-60039

BAP No. AZ 09-1350

MEMORANDUM[*]

Appeal from the United States Bankruptcy Appellate Panel
of the Ninth Circuit
Meredith A. Jury, Bankruptcy Judge, Presiding

Argued and Submitted November 16, 2011
San Francisco, California

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: NOONAN and BEA, Circuit Judges, and WALTER, Senior District Judge.[**]

Richard S. Berry appeals the Ninth Circuit Bankruptcy Appellate Panel's opinion affirming the Arizona Bankruptcy Court's Order Imposing Sanctions and an Injunction in all respects except one civil fine that plays no role in this appeal.

The district court found that adequate process was afforded to Berry. The trustees presented ample evidence of mailing notices and other papers to Berry at his residential and business addresses. Berry did not offer facts, evidence, or case law to support his contentions that he did not receive these mailings. The BAP affirmed, and we do not disturb this holding.

The BAP held that the district court did not abuse its discretion in denying Berry's motion to continue the evidentiary hearing. The BAP ruled that Berry had ample time to prepare, but he was not diligent, and a continuance would have inconvenienced the court, witnesses, and trustees. Especially since Berry did not appear at the hearing to argue his motion, though by his own admission he knew of it nine to ten days ahead, we see no abuse of discretion in the bankruptcy court's actions and we affirm the BAP's ruling on this issue.

---

[**] The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for Western Louisiana, sitting by designation.

2

The bankruptcy court did not abuse its discretion by not recusing itself. Absent evidence of some extrajudicial source of bias or prejudice, a demand for recusal must be accompanied by evidence of favoritism or prejudice so pronounced that it creates the appearance of partiality. *Liteky v. U.S.*, 510 U.S. 540, 554-55 (1994). Berry presents no case law in support of his contentions, and the facts he alleges to support his bias claim would not cause a fully-informed and objective observer to see the bankruptcy court as anything but reasonable. We affirm the BAP's rejection of Berry's arguments for recusal.

AFFIRMED.